UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GRYPHON DIGITAL MINING, INC., <br><br>          Plaintiff, <br><br>-against- <br><br>K&L GATES LLP and ROBERT HONEYWELL, <br><br>          Defendants. | Case No. 1:25-cv-03083 (JLR) <br><br>**<u>ORDER</u>** |

JENNIFER L. ROCHON, United States District Judge:

  On April 14, 2025, Plaintiff filed a Complaint in which it invoked the Court's subject-matter jurisdiction pursuant to 28 U.S.C. § 1332. *See* Dkt. 1 ¶ 13. Although Plaintiff states that "[c]omplete diversity of citizenship exists between the parties," it merely alleges Defendant Robert Honeywell's state of residence, not his state of citizenship. *Id.* ¶¶ 12. This is not enough. *See, e.g.*, *Davis v. Cannick*, No. 14-CV-7571 (SJF) (SIL), 2015 WL 1954491, at *2 (E.D.N.Y. Apr. 29, 2015) ("[A] conclusory allegation in the Complaint regarding diversity of citizenship does not extinguish the Court's responsibility to determine, on its own review of the pleadings, whether subject matter jurisdiction exists. For the purpose of diversity jurisdiction, a statement of the parties' residence is insufficient to establish their citizenship." (internal quotation marks and citation omitted)); *see also, e.g.*, *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998) ("For purposes of diversity jurisdiction, a party's citizenship depends on his domicile."); *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997) ("[A[llegations of residency alone cannot establish citizenship . . . .").

  Moreover, Plaintiff has not properly alleged the citizenship of Defendant K&L Gates LLP. "For an LLP, citizenship depends on the citizenship of its partners: an LLP is treated as a citizen of every state of which its partners are citizens." *Roche Cyrulnik Freedman LLP v. Cyrulnik*, 582 F. Supp. 3d 180, 187 (S.D.N.Y. 2022). Plaintiff has not alleged the citizenship of Defendant K&L Gates LLP's partnership and has instead alleged the place of its incorporation, Delaware, and its headquarters, Pennsylvania. This is insufficient to establish Defendant K&L Gates LLP's citizenship. *See C21K Co. Ltd. v. GINDI C21 IP LLC*, No. 24-cv-07734 (PKC), 2025 WL 753892, at *1-2 (S.D.N.Y. Mar. 10, 2025) (directing plaintiff to reallege citizenship of limited liability partnership where complaint "fail[ed] to identify the partners . . . and their citizenships"); *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001) ("[F]or purposes of establishing diversity, a partnership has the citizenship of each of its partners." (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 192-95 (1990))).

Accordingly, no later than **April 22, 2025**, Plaintiff shall file an amended complaint properly alleging the citizenship of both Defendants.  If, by that date, Plaintiff does not file an amended complaint establishing this Court's subject-matter jurisdiction, the Court will dismiss the case without prejudice and without further notice to any party.

SO ORDERED.

Dated: April 15, 2025
       New York, New York

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge